UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
LIHUAN WANG,                           )
                                       )
       Plaintiff,                    )
                                       )
       -against-                     )   Case No. 13 Civ 218 (PKC) (DF)
                                       )
PHOENIX SATELLITE TELEVISION           )   ECF CASE
(U.S.), INC.,                          )
                                       )
       Defendant.                    )
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PHOENIX SATELLITE
TELEVISION (U.S.), INC.'S 12(B)(6) MOTION TO DISMISS
<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

M. Carter DeLorme
cdelorme@jonesday.com
Nikki L. McArthur
nmcarthur@jonesday.com
*Admitted Pro Hac Vice*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700


Emilie A. Hendee (EH 2835)
ehendee@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3859
Facsimile: (212) 755-7306

*ATTORNEYS FOR DEFENDANT*
Phoenix Satellite Television (U.S.), Inc.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT FACTS ............................................................................................. 1

III. ARGUMENT .......................................................................................................... 2

    A. Legal Standard ........................................................................................... 2

    B. Plaintiff's Sexual Harassment Claims Must Be Dismissed Because She Was Not an Employee ................................................................................ 3

        1. Unpaid Interns Are Not Employees Under the New York State Human Rights Law ........................................................................ 4

        2. Unpaid Interns Are Not Employees Under the New York City Human Rights Law .......................................................................... 6

    C. Plaintiff's Failure To Hire Claims Must Be Dismissed Because She Did Not Identify or Apply to an Open Job .................................................. 9

IV. CONCLUSION .................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Davis Polk & Wardwell LLP*,
   850 F. Supp. 2d 392 (S.D.N.Y. 2012)......................................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................................2, 3

*Bernstein v. The MONY Group, Inc.*,
   228 F. Supp. 2d 415, 419 (S.D.N.Y. 2002).........................................................................9, 10

*Brown v. Coach Stores, Inc.*,
   163 F.3d 706, 708-09 (2d Cir. 1998) .....................................................................................10

*City of Ft. Calhoun v. Collins*,
   500 N.W.2d 822 (Neb. 1993)...................................................................................................8

*Compton-Williams v. Kuramo Capital Mgmt., LLC*,
   No. 483/12, 2012 WL 2942595 (N.Y. Sup. Ct. May 21, 2012).................................................8

*Conde v. Sisley Cosmetics USA, Inc.*,
   2012 U.S. Dist. LEXIS 72726 (S.D.N.Y. May 22, 2012) .....................................................6, 7

*Egiazaryan v. Zalmayev*,
   880 F. Supp. 2d 494 (S.D.N.Y. 2012).......................................................................................3

*Evans v. Wash. Ctr. for Internships & Academic Seminars*,
   587 F. Supp. 2d 148 (D.D.C. 2008).........................................................................................5

*Jacob-Mua v. Veneman*,
   289 F.3d 517 (8th Cir. 2002), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (2011) (en banc)..............................................................................4

*Lippold v. Duggal Color Projects, Inc.*,
   No. 96-cv-5869, 1998 U.S. Dist. LEXIS 335 (S.D.N.Y. Jan. 14, 1998) ...................................6

*Llampallas v. Mini-Circuits, Lab, Inc.*,
   163 F.3d 1236 (11th Cir. 1998) ...............................................................................................4

*Lowery v. Klemm*,
   825 N.E. 2d 1065 (Mass. App. Ct. 2005) ................................................................................8

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Lowery v. Klemm*,
  845 N.E.2d 1124, 1128 (Mass. 2006) .................................................................................... 8

*Maher v. Alliance Mortg. Banking Corp.*,
  650 F. Supp. 2d 249 (E.D.N.Y. 2009) ..................................................................................... 5

*Matter of Sweeney v. Board of Education of Rocky Point Union Free School District*,
  112 A.D.2d 240, 241 (N.Y. App. Div. 1985) .......................................................................... 4

*O'Connor v. Davis*,
  126 F.3d 112 (2d Cir. 1997) ..................................................................................................... 5

*Pani v. Empire Blue Cross Blue Shield*,
  152 F.3d 67 (2d Cir. 1998) ....................................................................................................... 2

*Pastor v. P'ship for Children's Rights*,
  No. 10-cv-05167, 2012 WL 4503415 (E.D.N.Y. Sept. 28, 2012) ............................................ 3

*Romaine v. N.Y.C. Coll. Of Tech. of the City Univ. of N.Y.*,
  No. 10-cv-431, 2012 WL 1980371 (E.D.N.Y. June 1, 2012) ............................................. 9, 10

*State Div. of Human Rights v. Bd. of Coop. Educ. Servs.*,
  98 A.D.2d 958 (N.Y. App. Div. 1983) .................................................................................... 4

*Sulehria v. New York*,
  No. 1:12-cv-21, 2012 WL 1288760 (N.D.N.Y. Feb. 8, 2012), *report &
  recommendation adopted by* 2012 WL 1284380 (N.D.N.Y. Apr. 16, 2012) ......................... 10

*Tex. Dep't of Cmty. Affairs v. Burdine*,
  450 U.S. 248 (1981) ................................................................................................................ 9

*Weir v. Holland & Knight, LLP*,
  No. 603204/07, 2011 WL 6973240 (N.Y. Sup. Ct. Dec. 9, 2011) ........................................... 7

*York v. Ass'n of the Bar of the City of N. Y.*,
  286 F.3d 122 (2d Cir. 2002) ..................................................................................................... 4

**STATUTES**

Mass. Gen. Laws c. 151B, § 9 ........................................................................................................ 8

N.Y.C. Admin. Code § 8-101, *et seq.* ..................................................................................... *passim*

N.Y.C. Local Law No. 39, § 1 (1991) ....................................................................................... 7, 8

N.Y.C. Local Law No. 85, § 1 (2005) ........................................................................................... 6

N.Y. Exec. Law § 290, *et seq.* ............................................................................................... *passim*

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**OTHER AUTHORITIES**

18 N.Y. Jur. 2d *Civil Rights* § 48 (2013) ....................................................................................3

Restatement (Third) of Employment Law § 1.02, cmt. d (Tentative Draft No. 2, 2009) ................3

# I.
# INTRODUCTION

Plaintiff Lihuan Wang spent roughly four weeks as an unpaid intern in the New York bureau of Phoenix Satellite Television (U.S.), Inc., ("Phoenix") between December 2009 and January 2010.  (Second Am. Compl. ¶ 7.)  Three years later, she has now filed suit, alleging a hostile work environment sexual harassment claim under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*, as well as retaliation and quid pro quo sexual harassment claims based on Phoenix's failure to hire her, allegedly in violation of the NYCHRL and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq*.

Plaintiff's Second Amended Complaint fails to state a claim for which relief can be granted.  *First*, only employees can bring claims for employment discrimination.  Because Plaintiff admits that she was not compensated, she concedes that she did not enter an employment relationship with Phoenix.  Thus, Plaintiff's sexual harassment claims must fail.  *Second*, Plaintiff has not alleged that she applied for an available position at Phoenix.  This omission is fatal to her failure to hire claims under the NYSHRL and NYCHRL.  Accordingly, Plaintiff's Second Amended Complaint should be dismissed with prejudice as a matter of law.

# II.
# RELEVANT FACTS

Plaintiff Lihuan Wang is a foreign national who spent around four weeks as an unpaid intern in the New York office of Phoenix Satellite Television (U.S.), Inc., in December 2009 and January 2010.  (Second Am. Compl. ¶¶ 4, 7.)  In her Second Amended Complaint, she alleges that, during her internship, she "sought to be formally hired for[] a permanent position" at Phoenix.  (*Id.* ¶¶ 56, 65, 75.)  She further claims that, during the first two weeks of her

internship, the bureau's supervisor, Zhengzhu Liu, told her that she could "perhaps" obtain permanent employment at Phoenix after her student visa expired "if she could obtain a work visa." (*Id.* ¶¶ 10, 19.) After this conversation, however, Plaintiff claims that Mr. Liu made unwanted sexual advances toward her. (*Id.* ¶¶ 21-25.) She further alleges that after she declined these advances, Mr. Liu told her that Phoenix would not be able to sponsor her for a work visa. (*Id.* ¶ 27.)

Three years after these events allegedly took place, Plaintiff has brought a five-count employment discrimination claim against Phoenix under the NYSHRL and NYCHRL. (*Id.* ¶¶ 40-87.) In Count One, she alleges that she was subjected to a hostile work environment, in violation of the NYCHRL. (*Id.* ¶¶ 40-49.) In Counts Two and Four, she alleges claims of quid pro quo sexual harassment, under both the NYSHRL and the NYCHRL, based on the fact that Phoenix did not hire her for a permanent position. (*Id.* ¶¶ 50-59, 69-78.) In Counts Three and Five, she alleges claims of retaliation under both the NYSHRL and the NYCHRL, again based on the fact that Phoenix did not hire her for a permanent job. (*Id.* ¶¶ 60-68, 79-87.)

## III.

## ARGUMENT

### A.   Legal Standard

A court deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, a court may also consider "[a]n affirmative defense . . . without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). A court must disregard any legal conclusions drawn by the complaint.

*Iqbal*, 556 U.S. at 678. "Instead, the court examines only the well-pleaded factual allegations, if any, 'and then determines whether they plausibly give rise to an entitlement to relief.' If not, the complaint must be dismissed." *Egiazaryan v. Zalmayev*, 880 F. Supp. 2d 494, 502 (S.D.N.Y. 2012) (quoting *Iqbal*, 556 U.S. at 678).

### B. Plaintiff's Sexual Harassment Claims Must Be Dismissed Because She Was Not an Employee

"It is axiomatic that in order for one to be held liable for employment discrimination under New York law, there must have existed between the parties, at the time of the action complained of, the relationship of employer and actual or prospective employee, <u>the touchstone of which is mutually beneficial economic substance</u>." 18 N.Y. Jur. 2d *Civil Rights* § 48 (2013) (analyzing the NYSHRL and the NYCHRL) (emphasis added); *see also* Restatement (Third) of Employment Law § 1.02, cmt. d (Tentative Draft No. 2, 2009) ("Interns who work without compensation or a clear promise of future employment normally are not employees for purposes of employment law."). Here, Plaintiff does not allege that she received any economic benefit as a result of her time at Phoenix. Indeed, she admits that her position was unpaid. (Second Am. Compl. ¶ 7.) Plaintiff's allegation that she "received credit," *id.*, for her internship does not cure this deficiency in her complaint. *See, e.g.*, *Pastor v. P'ship for Children's Rights*, No. 10-cv-05167, 2012 WL 4503415, at *3 (E.D.N.Y. Sept. 28, 2012) (holding that interns who received credit for their internship were not employees under Title VII) (citing *O'Connor v. Davis*, 126 F.3d 112, 116 n.2 (2d Cir. 1997)). Because an employer-employee relationship never existed between Phoenix and Plaintiff, she cannot state a cognizable claim for employment discrimination under New York law.

**1.     Unpaid Interns Are Not Employees Under the New York State Human Rights Law**

As indicated above, the "touchstone of an employer/employee relationship" under New York law is "mutually beneficial economic substance." *State Div. of Human Rights v. Bd. of Coop. Educ. Servs.*, 98 A.D.2d 958, 958 (N.Y. App. Div. 1983). State courts have applied this principle to dismiss employment discrimination claims brought by unpaid volunteers under the NYSHRL. For example, in *Matter of Sweeney v. Board of Education of Rocky Point Union Free School District*, the court confirmed an order of the New York State Division of Human Rights, holding that an unpaid elementary school volunteer could not bring a claim alleging that she was unlawfully discharged from her position because of a psychiatric disability. 112 A.D.2d 240, 241 (N.Y. App. Div. 1985). The court explained that "[t]he protection of Executive Law § 296 does not extend to petitioner's unpaid, voluntary relationship with respondent's school." *Id.* In support of its determination, the court noted that Executive Law § 296(9) expressly covers volunteer firemen; thus, "the Legislature's failure to include other voluntary, unpaid positions evidences its intent not to extend the protection of the statute to all voluntary positions." *Id.*

The conclusion that unpaid volunteers cannot state a claim for employment discrimination under New York law is consistent with the decisions of courts across the country, which have repeatedly held that individuals who do not receive compensation are not employees for the purposes of Title VII. *See, e.g.*, *Jacob-Mua v. Veneman*, 289 F.3d 517, 521 (8th Cir. 2002) (holding that "as a non-employee, [a volunteer researcher] did not have standing to bring a retaliation claim under Title VII"), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (2011) (en banc); *York v. Ass'n of the Bar of the City of N. Y.*, 286 F.3d 122, 125-26 (2d Cir. 2002) (holding that attorney performing unpaid work for bar association did not have a viable cause of action under Title VII); *Llampallas v. Mini-Circuits,*

*Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998) (holding that "only individuals who receive compensation from an employer can be deemed 'employees' under" Title VII); *Evans v. Wash. Ctr. for Internships & Academic Seminars*, 587 F. Supp. 2d 148, 151 (D.D.C. 2008) (observing that "it has consistently been held under Title VII that an unpaid intern is not an employee"). In *O'Connor v. Davis*, the Second Circuit conclusively adopted the position that remuneration is an "essential condition" to the existence of an employer-employee relationship under Title VII. 126 F.3d 112, 115-16 (2d Cir. 1997). *O'Connor* involved a sexual harassment claim by a college intern at a hospital for the mentally disabled. The district court dismissed the plaintiff's claim, concluding that she was not an "employee," even though she received college credit and federal work study funds for her internship. *Id.* at 113-14. The Second Circuit affirmed. Despite affirming the ruling, the Second Circuit rejected the district court's analysis as "flawed" because the lower court had addressed the question of whether the plaintiff was an employee within the framework of common-law agency principles. *Id.* at 115. The Second Circuit explained that these principles, which are frequently used to determine whether an individual is an independent contractor or an employee, have no application where a plaintiff has not demonstrated that she was "hired in the first instance." *Id.* The court concluded that "[w]here no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist." *Id.* at 115-16 (citing *Graves v. Women's Prof'l Rodeo Assoc.*, 907 F.2d 71, 74 (8th Cir. 1990)). Thus, unpaid interns were not entitled to bring employment discrimination claims under Title VII.

"Discrimination and retaliation claims brought under the NYSHRL are evaluated identically to claims brought under Title VII." *Maher v. Alliance Mortg. Banking Corp.*, 650 F. Supp. 2d 249, 259 (E.D.N.Y. 2009) (citing *Torres v. Pisano*, 116 F.3d 625, 629 n. 1 (2d Cir.

1997)).  Accordingly, New York courts have applied the *O'Connor* two-part test—with its threshold question of financial benefit—in cases brought under the NYSHRL.  *See Lippold v. Duggal Color Projects, Inc.*, No. 96-cv-5869, 1998 U.S. Dist. LEXIS 335, at *6 (S.D.N.Y. Jan. 14, 1998) (dismissing sex discrimination claim of unpaid intern under NYSHRL).  There is no precedent that should discourage this Court from following suit.  Count Four of Plaintiff's Second Amended Complaint, alleging sexual harassment under the NYSHRL, should be dismissed because Plaintiff received no remuneration as a result of her time at Phoenix and is therefore not an employee protected by the law.

        **2.      Unpaid Interns Are Not Employees Under the New York City Human Rights Law**

Cases addressing the issue of unpaid interns under the NYCHRL have reached the same result as their Federal and state law counterparts—only individuals who receive financial benefit in exchange for their work can bring employment discrimination claims.  In *Lippold*, for example, Judge Martin dismissed a sexual harassment claim brought by a woman performing an unpaid photography internship.  1998 U.S. Dist. LEXIS 335, at *3-6.  Analyzing the claim under the framework of *O'Connor*, he held that the plaintiff was not an "employee" of the defendant photography lab because the lab "did not compensate her in any way."  1998 U.S. Dist. LEXIS 335, at *5-6.  As a result, the court granted summary judgment to the defendant not only on the plaintiff's Title VII claim but also on her NYSHRL and NYCHRL claims.  *Id*. at *6-7.

The Local Civil Rights Restoration Act of 2005, which amended the NYCHRL to clarify that the law should be "construed liberally," does not change this result.  *See* N.Y.C. Local Law No. 85, § 1 (2005).  The threshold question of remuneration is still properly applied to claims brought under the NYCHRL.  In *Conde v. Sisley Cosmetics USA, Inc.*, for example, Judge Sullivan dismissed a race discrimination complaint brought against co-defendant Saks under

- 6 -

Title VII and the NYCHRL.  No. 11-cv-4010, 2012 U.S. Dist. LEXIS 72726, at *1 (S.D.N.Y. May 22, 2012).  He explained that "[i]n assessing the existence of [an employment] relationship, courts are directed to inquire into whether the plaintiff 'was hired by the putative employer,' such that 'she received remuneration in some form.'"  *Id.* at *6 (quoting *United States v. City of N.Y.*, 359 F.3d 83, 91-92 (2d Cir. 2004)).  In *Conde*, there was "no allegation in the Amended Complaint that Saks provided any compensation to Plaintiff."  *Id.* at *7.  As a result, the plaintiff "failed to allege facts that could support a plausible inference that she was employed by" the department store, and her claims under both Title VII and the NYCHRL were dismissed.  *Id.* at *15, *19.  Importantly, Judge Sullivan concluded that the outcome was the same under both the NYCHRL and Title VII because the two statutes "apply a nearly identical test" to determine the existence of an employment relationship.  *Id.* at *6 n.3; *see also Weir v. Holland & Knight, LLP*, No. 603204/07, 2011 WL 6973240, at *6 (N.Y. Sup. Ct. Dec. 9, 2011) (finding that, despite the NYCHRL's broad remedial purposes, Title VII's test for an employee-employer relationship is appropriately applied to claims under state and city laws because "the definition of employer for purposes of the federal anti-discrimination statutes has been construed liberally") (citation & quotations omitted).  It is noteworthy that both *Conde* and *Weir* were decided after the Local Civil Rights Restoration Act was enacted.

The conclusion that unpaid interns are not employees is also consistent with the legislative history of the NYCHRL.  In 1991, the New York City Council instituted a series of fundamental amendments to the law, with the intent of making it the most progressive human rights statute in the country.  These amendments clarified who was an employee entitled to bring claims in several ways, including by amending the definition of "employer" to specify that independent contractors are covered.  N.Y.C. Local Law No. 39, § 1 (1991).  Nonetheless,

neither the 1991 amendments—nor the ten amendments that have been enacted since—extend the protection of the NYCHRL to unpaid volunteers. *Id.* The text of the law thus supports the position that an "employee" must receive financial compensation.

A liberal reading of the NYCHRL does not change this definition of the term. Indeed, courts analyzing state employment discrimination laws with similar liberal construction provisions have also found that a plaintiff cannot state a claim for employment discrimination if she is not compensated for her work. For example, the Massachusetts Fair Employment Practices Law states that it "shall be construed liberally for the accomplishment of its purposes." Mass. Gen. Laws c. 151B, § 9. Yet in *Lowery v. Klemm*, the Massachusetts Supreme Judicial Court held that a statute providing that a "person shall have the right to be free from sexual harassment," as defined in the Fair Employment Practices Law, did not apply to volunteers. 845 N.E.2d 1124, 1128 (Mass. 2006). As the lower court explained:

> Although the Commonwealth's employment discrimination law, G.L. c. 151B, affects a broad array of employment practices and extensively prohibits discrimination against certain protected classes, we do not read the statute as intending to broaden the definition of employee. . . . [A] volunteer is not an employee under traditional common-law standards and, thus, would fall outside the protection for employees as codified in G.L. c. 151B. For a volunteer, the badges and incidents of a traditional employment relationship including, in particular, <u>the quid pro quo of compensation for work are missing.</u>

*Lowery v. Klemm*, 825 N.E. 2d 1065, 1068 (Mass. App. Ct. 2005) (citation & quotations omitted) (emphasis added); *see also City of Ft. Calhoun v. Collins*, 500 N.W.2d 822, 824 (Neb. 1993) (holding volunteer firefighters were not employees under Nebraska Fair Employment Practice Act where they "receive[d] no pay for their services").

Like the statute in *Lowery*, despite its broad remedial purposes, the language of the NYCHRL is limited to the employment context. *See Compton-Williams v. Kuramo Capital Mgmt., LLC*, No. 483/12, 2012 WL 2942595, at *2 (N.Y. Sup. Ct. May 21, 2012). Plaintiff, as

an unpaid volunteer, is not an employee. She therefore cannot make out a cognizable sexual harassment claim under the New York City Human Rights Law, and Counts One and Two of her Second Amended Complaint should be dismissed.

### C. Plaintiff's Failure To Hire Claims Must Be Dismissed Because She Did Not Identify or Apply to an Open Job

In an effort to circumvent the fact that unpaid interns are not covered by New York employment discrimination law, Plaintiff additionally argues that she was discriminated and retaliated against not as an employee, but as a job applicant. In particular, she alleges that Phoenix failed to hire her in violation of the NYCHRL and NYSHRL.[1]

Plaintiff's allegations fail to state a claim for relief. Claims of discriminatory failure to hire or promote are analyzed according to the same standards under Title VII, the NYSHRL, and the NYCHRL. *E.g.*, *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 414 (S.D.N.Y. 2012). To establish a prima facie case, a plaintiff must allege that (1) she belongs to a protected class; (2) she applied for an available position for which she was qualified; and (3) she was rejected under circumstances giving rise to an inference of discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). While a plaintiff is not required to plead facts establishing a prima facie case in order to survive a motion to dismiss, "for purposes of pleading a plausible failure to [hire] claim, a plaintiff is still required to allege that he or she applied specifically for the position in question." *Romaine v. N.Y.C. Coll. Of Tech. of the City Univ. of N.Y.*, No. 10-cv-431, 2012 WL 1980371, at *3 (E.D.N.Y. June 1, 2012).

In *Bernstein v. The MONY Group, Inc.*, for example, an employee alleged that she had repeatedly requested a position in sales and marketing from the head of that division, and had

---

[1] Specifically, Plaintiff claims that she "asked Mr. Liu about permanent employment with Phoenix," and he responded that she "could obtain employment for the year following the expiration of her student visa, and perhaps beyond that year if she could obtain a work visa." (Second Am. Compl. ¶ 19.) She further alleges that after she "rejected" Mr. Liu, he allegedly "no longer expressed interest in hiring her permanently" and instead "began emphasizing that Phoenix could not sponsor [her for a visa]." (*Id.* ¶ 27.)

worked with the division head to prepare and propose appropriate job descriptions. 228 F. Supp. 2d 415, 419 (S.D.N.Y. 2002). When the division head failed to create a position for her, she brought a discrimination claim under Title VII. *Id.* Judge Berman dismissed her allegations. *Id.* Because the plaintiff had not alleged that a position in recruiting and marketing was ever created or that she was rejected from such a position, she had failed to state a claim for relief. *Id.*

Similarly, in *Brown v. Coach Stores, Inc.*, a court dismissed the complaint of an employee who alleged that she was not promoted due to racial discrimination, in violation of Title VII and the NYCHRL. 163 F.3d 706, 708-09 (2d Cir. 1998). The employee had claimed that she had "repeatedly requested a promotion," including specific requests during two annual evaluations. *Id.* at 708. The Second Circuit affirmed the district court's dismissal for failure to state a claim. The appellate court explained that a plaintiff is required "to allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion." *Id.* at 710 (citation omitted); *see also Romaine*, 2012 WL 1980371, at *3 (dismissing failure to promote claim where professor told chair of hiring committee he wanted to be considered for a job opening but did not submit official application).

Like the plaintiff in *Bernstein*, Plaintiff Lihuan Wang alleges that she "asked" about a permanent job and "sought to be formally hired[] for a permanent position." (Second Am. Compl. ¶¶ 19, 30, 56.) But she never alleges that such a position existed in the first place. Nor does she claim that Phoenix hired an applicant with similar or lesser qualifications for a permanent position such as the one that she allegedly sought. *Cf. Sulehria v. New York*, No. 1:12-cv-21, 2012 WL 1288760, at *9 (N.D.N.Y. Feb. 8, 2012), *report & recommendation adopted by* 2012 WL 1284380 (N.D.N.Y. Apr. 16, 2012) ("In order to state a claim for failure to

hire under Title VII, plaintiff must allege that the position for which he was applying was eventually filled by someone who was not in the protected class.").

At best, Plaintiff claims that Mr. Liu told her that she could "<u>perhaps</u>" obtain permanent employment "<u>if</u> she could obtain a work visa." (Second Am. Compl. ¶ 19 (emphasis added).) This conditional statement falls far short of establishing the plausible existence of open jobs. Indeed, Plaintiff describes only one clear and unqualified statement concerning the possibility of securing a permanent position: Mr. Liu's statement that "it was impossible for Phoenix to sponsor her for a work visa." (*Id.* ¶ 30.)

Not only has Plaintiff failed to allege that a permanent position was available, she similarly fails to allege that she applied for a specific job. Instead, she claims that she "repeatedly expressed interest in" a permanent position with Phoenix by "ask[ing] Mr. Liu about permanent employment," "discuss[ing] permanent employment . . . with the other reporters," and "contact[ing] Mr. Liu about working at Phoenix." (*Id.* ¶¶ 19, 20, 29, 56.) As *Brown* demonstrates, such general requests for employment do not constitute a job application. Thus, Plaintiff has failed to state a plausible claim for failure to hire. Accordingly, Counts Two, Three, Four, and Five of her Second Amended Complaint should be dismissed as a matter of law.

## IV.
## <u>CONCLUSION</u>

Plaintiff specifically alleges that she is <u>not</u> an employee entitled to bring sexual harassment claims under the NYCHRL or the NYSHRL. In addition, she has not alleged sufficient facts to support her retaliatory and discriminatory failure to hire claims under either law. For the foregoing reasons, Phoenix respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety.

Dated: New York, New York
      May 17, 2013

        Respectfully submitted,

        JONES DAY

By: _____s/_____
        M. Carter DeLorme
        cdelorme@jonesday.com
        Nikki L. McArthur
        nmcarthur@jonesday.com
        *Admitted Pro Hac Vice*
        JONES DAY
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001-2113
        Telephone: (202) 879-3939
        Facsimile: (202) 626-1700

        Emilie A. Hendee (EH 2835)
        ehendee@jonesday.com
        JONES DAY
        222 East 41st Street
        New York, NY 10017-6702
        Telephone: (212) 326-3859
        Facsimile: (212) 755-7306

        *ATTORNEYS FOR DEFENDANT*
        Phoenix Satellite Television (U.S.),
        Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2013, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Defendant Phoenix Satellite Television (U.S.), Inc.'s 12(b)(6) Motion To Dismiss to be electronically filed through the Court's ECF system.

                                                s/
                                      Nikki L. McArthur