UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
LIHUAN WANG,                                   )
                                               )
       Plaintiff,                          )
                                               )
       -against-                           )   Case No. 13 Civ 218 (PKC) (DF)
                                               )
PHOENIX SATELLITE TELEVISION                   )   ECF CASE
(U.S.), INC.,                                  )
                                               )
       Defendant.                          )
------------------------------------------------------- x

# DEFENDANT PHOENIX SATELLITE TELEVISION (U.S.), INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

M. Carter DeLorme
cdelorme@jonesday.com
Nikki L. McArthur
nmcarthur@jonesday.com
*Admitted Pro Hac Vice*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700


Emilie A. Hendee (EH 2835)
ehendee@jonesday.com
JONES DAY
222 East 41st Street
New York, N.Y. 10017-6702
Telephone: (212) 326-3859
Facsimile: (212) 755-7306

*ATTORNEYS FOR DEFENDANT*
Phoenix Satellite Television (U.S.), Inc.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. The Local Civil Rights Restoration Act Did Not Extend the NYCHRL's Protections to Unpaid Interns................................................................................. 2

    B. Balancing Tests to Determine Whether an Employment Relationship Exists Are Applicable Only When a Putative Employee Receives Compensation for Her Work.................................................................................. 4

    C. Plaintiff Has Not Alleged That She Applied for an Available Position ................ 5

III. CONCLUSION.................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................8

*Bernstein v. The MONY Group, Inc.*,
    228 F. Supp. 2d 415 (S.D.N.Y. 2002) ......................................................................................6

*Blake v. Bronx Lebanon Hosp. Ctr.*,
    02 Civ. 3827 (DAB), 2007 WL 2981465 (S.D.N.Y. Oct. 10, 2007) ........................................6

*Boyer v. Channel 13, Inc.*,
    Nos. 04 Civ. 2137-2155 (JSR) (FM), 2005 WL 2249782 (S.D.N.Y. Mar. 9, 2005) ................7

*Brown v. Coach Stores, Inc.*,
    163 F.3d 706 (2d Cir. 1998) .................................................................................................6, 7

*Conde v. Sisley Cosmetics USA, Inc.*,
    No. 11 Civ. 04010, 2012 U.S. Dist. LEXIS 72726 (S.D.N.Y. May 23, 2012) .........................3

*Graves v. Women's Prof'l Rodeo Ass'n*,
    907 F.2d 71 (8th Cir. 1990) .....................................................................................................3

*Johnson v. City Univ. of N.Y.*,
    No. 00 CIV.4964 WK RLE, 2002 WL 1750841 (S.D.N.Y. July 24, 2002) ......................... 6-7

*Kato v. Ishihara*,
    239 F. Supp. 2d 359 (S.D.N.Y. 2002) ......................................................................................7

*Mauro v. Southern New England Telecommunications, Inc.*,
    208 F.3d 384 (2d Cir. 2000) .................................................................................................7, 8

*Mihalik v. Credit Agricole Cheuvreux North America, Inc.*,
    715 F.3d 102 (2d Cir. 2013) .....................................................................................................2

*O'Connor v. Davis*,
    126 F.3d 112 (2d Cir. 1997) .....................................................................................................5

*Petrosino v. Bell Atl.*,
    385 F.3d 210 (2d Cir. 2004) .....................................................................................................7

*Robins v. Max Mara U.S.A., Inc.*,
    923 F. Supp. 460 (S.D.N.Y. 1996) ...........................................................................................4

# TABLE OF AUTHORITIES
### (continued)

        **Page(s)**

*State Div. of Human Rights v. Bd. of Coop. Educ. Servs.*,
   98 A.D.2d 958 (N.Y. App. Div. 1983) .................................................................................3

*Weir v. Holland & Knight, LLP*,
   No. 603204/07, 2011 WL 6973240 (N.Y. Sup. Ct. Dec. 9, 2011) ............................................2

*Whyte v. Contemporary Guidance Servs., Inc.*,
   No. 03 CV 5544 (GBD), 2004 WL 1497560 (S.D.N.Y. July 2, 2004) .....................................7

*Williams v. R.H. Donnelley Corp.*,
   368 F.3d 123 (2d Cir. 2004)................................................................................................7, 8

*Zito v. Fried, Frank, Harris, Shriver & Jacobson, LLP*,
   869 F. Supp. 2d 378 (S.D.N.Y. 2012)...................................................................................8

**STATUTES**

N.Y.C. Local Law No. 39 § 1 (1991) ........................................................................................3

N.Y.C. Local Law No. 85 (2005) ..............................................................................................2

N.Y.C. Local Law No. 85 § 1 (2005) ........................................................................................2

N.Y. Exec. Law § 292(5)-(6) .....................................................................................................3

**OTHER AUTHORITIES**

New York City Council Comm. on Gen. Welfare, Report on Prop. Int. No. 22-A (Aug.
   17, 2005), *available at*
   http://www.antibiaslaw.com/sites/default/files/files/CommitteeReport081705.pdf..................3

N.Y.C. Admin. Code § 8-102(5)................................................................................................3

*The American Heritage Desk Dictionary* (4th ed. 2008)..............................................................2

*Webster II New College Dictionary* (1999) ................................................................................3

## I.
## INTRODUCTION

Plaintiff Lihuan Wang ("Plaintiff") argues that the employment discrimination provisions of the New York City Human Rights Law ("NYCHRL") protect unpaid interns. However, Plaintiff fails to cite a single case decided by New York state courts, the Southern District of New York, or the Second Circuit that recognizes such protection. This is so because courts analyzing the NYCHRL, Title VII, state statutes, and common law have consistently held that unpaid interns cannot bring employment discrimination claims. A 2005 amendment to the New York City law does not change this outcome—explicitly or implicitly. Neither the text nor the legislative history of the NYCHRL supports the conclusion that unpaid interns are employees entitled to coverage under the law. Because Plaintiff specifically alleges that she was an unpaid intern (Second Am. Compl. ¶ 7), her hostile work environment claim under the NYCHRL must be dismissed.

Plaintiff's failure to hire claims similarly fail. Despite her attempts to obfuscate the issue, Plaintiff has not alleged that Phoenix Satellite Television (U.S.), Inc., ("Phoenix") had an available position when she purportedly sought to be hired. Whether Phoenix had a formal or informal hiring system is irrelevant: if there was not a job available, Plaintiff cannot state a claim for discriminatory failure to hire as a matter of law. Accordingly, Plaintiff's quid pro quo and retaliation claims under the NYCHRL and the New York State Human Rights Law ("NYSHRL") must be dismissed.

II.

## ARGUMENT

A.   **The Local Civil Rights Restoration Act Did Not Extend the NYCHRL's Protections to Unpaid Interns.**

Plaintiff argues that the Local Civil Rights Restoration Act, a 2005 amendment to the NYCHRL, broadened the law's protections to cover unpaid interns. *See* N.Y.C. Local Law No. 85 (2005). This argument is unavailing. First, as set forth in Phoenix's moving brief, courts have consistently held that unpaid interns are not employees for the purposes of the NYCHRL, Title VII, the NYSHRL, and other state employment discrimination laws. *See* Def.'s Mot. to Dismiss, at 3-9. Contrary to Plaintiff's suggestion, the Second Circuit's decision in *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102 (2d Cir. 2013), does not preclude this Court from applying the reasoning of these decisions to its analysis of the instant claim.[1] In fact, the Local Civil Rights Restoration Act expressly provides that "[i]nterpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of [the] New York City Human Rights Law." N.Y.C. Local Law No. 85 § 1 (2005). For example, the court in *Weir v. Holland & Knight, LLP* appropriately considered the absence of relevant textual differences between Title VII and the NYCHRL, as well as the broader remedial purposes of the City statute, before determining that the same test for an employer-employee relationship applies under both laws. No. 603204/07, 2011 WL 6973240, at *6 (N.Y. Sup. Ct. Dec. 9, 2011).

In addition, the Court does not have to look at case law to conclude that compensation is a threshold requirement of employment. It can simply look to a dictionary to reach the same result. *See, e.g.*, *The American Heritage Desk Dictionary* (4th ed. 2008) (defining "employee" as

---

[1] Plaintiff appears to argue that *Mihalik* represents a change in the law of the Second Circuit. Instead, the decision merely applies the language of the NYCHRL, as it was amended in 2005. *See* N.Y.C. Local Law No. 85 § 1 (2005) ("[P]rovisions of New York City's Human Rights Law are to be construed independently from similar or identical provisions of New York state or federal statutes.").

"[a] person who works for another in return for compensation"); *Webster II New College Dictionary* (1999) (defining "employee" as "[a] person who works for another in exchange for financial compensation").[2] For this reason, New York State courts have held that the "accepted and dictionary meaning" of the term "employer" requires that a putative employee receive some economic benefit in exchange for her work. *State Div. of Human Rights v. Bd. of Coop. Educ. Servs.*, 98 A.D.2d 958, 958 (N.Y. App. Div. 1983); *see also Graves v. Women's Prof'l Rodeo Ass'n*, 907 F.2d 71, 73 (8th Cir. 1990) (analyzing dictionary definitions of "employee," "employer," and "employ" and concluding that "the idea of compensation in exchange for services" was central to the meaning of all three words).

Finally, an analysis of the legislative history of the NYCHRL confirms the conclusion that unpaid interns are not covered by the law.  The Local Civil Rights Restoration Act was enacted "to ensure construction of the City's human rights law in line with the purposes of fundamental amendments . . . enacted in 1991." *See* New York City Council Comm. on Gen. Welfare, Report on Prop. Int. No. 22-A, 2 (Aug. 17, 2005), *available at* http://www.antibiaslaw.com/sites/default/files/files/CommitteeReport081705.pdf.  These 1991 amendments expanded covered individuals to include certain independent contractors.  N.Y.C. Local Law No. 39 § 1 (1991).  The amendments also revised the statute to ensure that domestic workers, who had previously been excluded from coverage, are protected by the law.  *Id.*  Finally, the amendments revised the NYCHRL to clarify that an employer's parents, spouse, and children cannot bring employment discrimination claims.  *Id.*  Notably absent from these amendments—or the ten amendments that the City Council has passed since 1991—is any indication that the legislature intended to include unpaid interns as covered "natural persons"

---

[2] Like Title VII and the NYSHRL, the NYCHRL does not set out a substantive definition of the terms "employer" or "employee."  *See* N.Y.C. Admin. Code § 8-102(5) (defining employer in the negative); N.Y. Exec. Law § 292(5)-(6) (same); *Conde v. Sisley Cosmetics USA, Inc.*, No. 11 Civ. 04010, 2012 U.S. Dist. LEXIS 72726, at *5-6 (S.D.N.Y. May 23, 2012) (noting that Title VII does not define employer).

under the law.  By specifying that independent contractors and domestic workers are covered, while failing to extend the law's protections to volunteers, the 1991 amendments to the NYCHRL, and those thereafter, are consistent with the view that "employment" requires compensation.

**B.     Balancing Tests to Determine Whether an Employment Relationship Exists Are Applicable Only When a Putative Employee Receives Compensation for Her Work.**

Plaintiff argues that this Court should apply a balancing test to determine whether she was Phoenix's employee, considering factors such as compensation, power of selection and dismissal, supervision, and control of work performed.  Pl.'s Opp'n Br. at 8-10.  Yet Plaintiff has not cited a single case in which a court has applied the balancing test she describes to the claims of an unpaid intern or volunteer.  Plaintiff misleadingly points to *Robins v. Max Mara U.S.A., Inc.*, 923 F. Supp. 460 (S.D.N.Y. 1996), as an example of a court "balancing the factors for the NYCHRL standard, even when [a putative] employee was not compensated by the defendant." Pl.'s Opp'n Br. at 9.  She neglects to mention, however, that the plaintiff in *Robins* was, in fact, compensated for her work.  In that case, the court dismissed defendant Fashion Group from the plaintiff's NYCHRL claim in part because Max Mara, and not Fashion Group, paid the plaintiff's salary.  923 F. Supp. at 470-71.

Moreover, *Robins* demonstrates that the balancing test that Plaintiff argues should apply here is neither unique to the NYCHRL nor mutually exclusive with the requirement that employees allege that they were compensated.  In fact, the four-factor test that Plaintiff describes was originally used to analyze claims under the New York State Human Rights Law—a law that, as Ms. Wang does not dispute, makes compensation a threshold inquiry.  *See id.* (citing *State Div. of Human Rights on Complaint of Emrich v. GTE Corp.*, 109 A.D.2d 1082, 1083 (N.Y. App. Div. 1985)).

Balancing tests such as the one set forth by Plaintiff are appropriately applied only when an employee alleges that she received compensation for her work. The Second Circuit adopted this conclusion in *O'Connor v. Davis*, explaining that:

> [C]ourts turn to common-law principles to analyze the character of an economic relationship only in situations that plausibly approximate an employment relationship. Where no financial benefit is obtained by the purported employee from the employer, no "plausible" employment relationship of any sort can be said to exist . . . .

126 F.3d 112, 115-16 (2d Cir. 1997) (quotation marks & citations omitted). Because plaintiff has admitted that she was not paid for her work, and compensation is the touchstone of a "'plausible' employment relationship," she cannot bring an employment discrimination claim under New York City law. Nothing in the 2005 amendment to the NYCHRL changes this conclusion, and, therefore, Plaintiff's NYCHRL hostile work environment claim must be dismissed.

**C.    Plaintiff Has Not Alleged That She Applied for an Available Position.**

Plaintiff argues at length that her failure to hire claim should survive because Phoenix uses an informal hiring system. Pl.'s Opp'n Br. at 12-18. Moreover, Plaintiff attempts to sidestep Phoenix's argument by asserting that a "<u>posted</u> position must exist" to state a claim. *Id.* at 15 (emphasis added). Nothing in Plaintiff's brief disturbs the well settled principle that a position must <u>exist in the first place</u> before Plaintiff can complain that Phoenix failed to hire her for it. *See* Def.'s Mot. to Dismiss at 10-11.

Plaintiff asserts that she has alleged the existence of an available position by claiming that Mr. Liu told her she "could" obtain employment for the year following the expiration of her student visa, and "that employment could then be extended if she obtained a work visa." Pl.'s Opp'n Br. at 17. This argument rewrites Plaintiff's Second Amended Complaint, which actually alleges that Mr. Liu told Plaintiff that she could "perhaps" obtain permanent employment "if"

she could obtain a work visa.  Second Am. Compl. ¶ 19.  Such a conditional statement falls far short of "clearly indicat[ing] a job opening and the ability to hire Ms. Wang for a year and beyond."  Pl.'s Opp'n Br. at 17.[3]

Indeed, Plaintiff appears to be adopting the position that simply discussing the possibility of future employment with an intern could expose an employer to a failure to hire claim, regardless of whether the supposed applicant can point to the existence of any available jobs.  Judge Berman rejected a similar argument in *Bernstein v. The MONY Group, Inc.*, 228 F. Supp. 2d 415, 419 (S.D.N.Y. 2002).  *Bernstein* involved a failure to hire claim by a plaintiff whose employer encouraged her interest in a promotion by working with her on potential job descriptions.  *Id.*  Relying in part on *Brown v. Coach Stores, Inc.*, 163 F.3d 706 (2d Cir. 1998), Judge Berman dismissed the employee's claim because she did not allege that her employer had actually created the job they discussed.  *Bernstein*, 228 F. Supp. 2d at 419.

Plaintiff seeks to distinguish *Bernstein* by arguing that the case involved a formal system for posting open positions.  Pl.'s Opp'n Brief at 15.  Yet, nothing in the *Bernstein* opinion indicates that the defendant company had such a system.  Plaintiff's claim that the employee in *Bernstein* "alleged [a] hiring system in which vacant positions were formally created," *id.*, does not compel the conclusion that any positions, when created, were formally posted.

Moreover, regardless of how Phoenix's application system operates, when "no applicants are sought, no failure to [hire] claim exists."  *Blake v. Bronx Lebanon Hosp. Ctr.*, 02 Civ. 3827 (DAB), 2007 WL 2981465, at *8 (S.D.N.Y. Oct. 10, 2007); *see also Johnson v. City Univ. of*

---

[3] Even if the non-committal statement that Plaintiff "could" obtain employment for one year following the expiration of her visa were construed as making plausible the existence of an available job, *see* Second Am. Compl. ¶ 19, Plaintiff does not complain that Phoenix failed to hire her for such temporary employment.  Instead, her complaint alleges that Phoenix denied her permanent employment because it did not sponsor her for a work visa.  *Id.* ¶ 27 (alleging that Mr. Liu "no longer expressed interest in hiring [Plaintiff] permanently" and told Plaintiff that a "'visa quota' . . . would prevent the company from retaining her after her student visa expired"); *id.* ¶¶ 56, 65, 75, 84 ("Plaintiff repeatedly expressed interest in, and sought to be formally hired for, a permanent position . . . .").

*N.Y.*, No. 00 CIV.4964 WK RLE, 2002 WL 1750841, at *4 (S.D.N.Y. July 24, 2002) (Plaintiff's statement "that 'I feel there were positions available' does not sufficiently allege a cognizable claim" for failure to hire); *Boyer v. Channel 13, Inc.*, Nos. 04 Civ. 2137-2155 (JSR) (FM), 2005 WL 2249782, at *5 (S.D.N.Y. Mar. 9, 2005) (dismissing failure-to-hire claim where plaintiff "failed to identify a specific vacant position that he applied for but was denied"); *Whyte v. Contemporary Guidance Servs., Inc.*, No. 03 CV 5544 (GBD), 2004 WL 1497560, at *4 (S.D.N.Y. July 2, 2004) (dismissing failure-to-promote claim which failed to identify specific position denied); *Kato v. Ishihara*, 239 F. Supp. 2d 359, 365 (S.D.N.Y. 2002) (same).

Contrary to her argument, Plaintiff's claim is not saved by the Second Circuit's statement, in dicta, that the pleading requirements for a failure to hire claim are "subject to modification where the facts of a particular case make an allegation of a specific application a quixotic requirement." *Brown*, 163 F.3d at 710. The Second Circuit has clarified that this "narrow exception" applies only when an employee demonstrates "that (1) the vacancy at issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer." *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004). The exception does not apply where, as here, an employee has not alleged the existence of a vacancy in the first place.

Nor do the Second Circuit's decisions in *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123 (2d Cir. 2004), and *Mauro v. Southern New England Telecommunications, Inc.*, 208 F.3d 384 (2d Cir. 2000), relieve a plaintiff of the obligation to plead that a potential employer had an open position. First, neither of these cases were decided on motions to dismiss. In fact, Plaintiff fails to cite any cases where a plaintiff's failure to hire claim survived a motion to dismiss even though the complaint did not allege the existence of an available job. Second, in both *Williams*

and *Mauro*, the plaintiffs pointed to specific positions for which they were not hired, as well as to specific individuals who were hired in their stead. *Williams*, 368 F.3d at 125; *Mauro*, 208 F.3d at 387. Ms. Wang's Second Amended Complaint makes no similar allegations. *Cf. Zito v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 869 F. Supp. 2d 378, 399 (S.D.N.Y. 2012) (rejecting plaintiff's argument, based on *Mauro*, that a failure to hire claim did not require her to demonstrate the existence of an available position).

In short, Plaintiff has not pled—and cannot plead—sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" that there was a permanent position available at Phoenix when she allegedly sought employment. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Her allegations that Mr. Liu was willing to discuss employment opportunities with her do not cure this failure. Similarly, Plaintiff's assertion that the company sponsored other reporters for visas in the past, Pl.'s Opp'n Br. at 17, does not compel the conclusion that Phoenix was able to sponsor Plaintiff for a visa when she wanted one. Because Plaintiff does not allege that she applied, and was not hired, for an available position, Plaintiff's retaliation and quid pro quo claims under the NYCHRL and NYSHRL must be dismissed.

## III.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in its previous memorandum, Phoenix respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety, and grant such further relief as this Court deems just and proper.

Dated: New York, New York
June 20, 2013

        Respectfully submitted,

        JONES DAY

    By: _____s/_____
        M. Carter DeLorme
        cdelorme@jonesday.com
        Nikki L. McArthur
        nmcarthur@jonesday.com
        *Admitted Pro Hac Vice*
        JONES DAY
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001-2113
        Telephone: (202) 879-3939
        Facsimile: (202) 626-1700

        Emilie A. Hendee (EH 2835)
        ehendee@jonesday.com
        JONES DAY
        222 East 41st Street
        New York, N.Y. 10017-6702
        Telephone: (212) 326-3859
        Facsimile: (212) 755-7306

        *ATTORNEYS FOR DEFENDANT*
        Phoenix Satellite Television (U.S.), Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June, 2013, I caused a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Defendant Phoenix Satellite Television (U.S.), Inc.'s Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Plaintiff's Second Amended Complaint to be electronically filed through the Court's ECF system.

                                                                                                                                      /s/_____
                                                                                                                                      Nikki L. McArthur