USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-13-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LIHUAN WANG,

                        Plaintiff,                      13 Civ. 218 (PKC)

        -against-                              MEMORANDUM
                                                       AND ORDER

PHOENIX SATELLITE TELEVISION US, INC.,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Lihuan Wang brings this employment discrimination action against defendant Phoenix Satellite Television US, Inc. ("Phoenix"). Invoking this Court's diversity jurisdiction, she asserts only state law claims pursuant to the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 et seq. ("NYCHRL"). Ms. Wang now moves to transfer the case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the motion is denied.

### BACKGROUND

        On January 9, 2013, Ms. Wang first filed suit against Phoenix and Zhengzhu Liu, its former Washington D.C. bureau chief, alleging hostile work environment and failure to hire claims. (Compl., Docket # 1.) At that time, Phoenix, a Delaware corporation, was headquartered in Los Angeles and had bureaus in New York City and Washington D.C. (Id. ¶¶ 7, 9.) Mr. Liu was a resident of the Commonwealth of Virginia. (Id. ¶ 8.)

        In her complaint, Ms. Wang alleged that, during an unpaid internship at Phoenix's New York bureau, Mr. Liu took her to a hotel room in Manhattan, New York, and attempted to

kiss her by force. (See id. ¶¶ 10, 19.) Subsequently, when Ms. Wang was in Washington D.C., she contacted Mr. Liu regarding employment. (Id. ¶ 21.) According to Ms. Wang, Mr. Liu responded by inviting her to Atlantic City "to discuss job opportunities." (Id.) Ms. Wang further alleged that after she rebuffed Mr. Liu's advances, he retaliated by refusing to provide her with full-time employment at Phoenix's New York bureau. (See id. ¶¶ 51, 58.)

On January 18, Ms. Wang amended her complaint and dropped all claims against Mr. Liu. (Docket # 3.) In response to perceived pleading deficiencies outlined by Phoenix in a March 12 motion to dismiss, Ms. Wang elected to file a Second Amended Complaint on March 29. (Docket # 15, 16, 19.) Phoenix subsequently refiled its motion to dismiss, which was fully briefed on June 20. (Docket # 21–25.) On October 3, this Court dismissed Ms. Wang's hostile work environment claims against Phoenix. (Docket # 26.) Ms. Wang requested leave to file this motion two weeks later, on October 16. (Docket # 28.)

During the pendency of this action, current and former Phoenix employees, as well as a former intern, brought independent claims against Phoenix in the United States District Court for the District of Columbia under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the D.C. Human Rights Act, D.C. Code § 2-1401.01 et seq., stemming from Mr. Liu's alleged actions at the Washington D.C. bureau. Ren v. Phoenix Satellite Television (U.S.), Inc., No. 13-1110 (CCK) (D.D.C July 19, 2013). The Ren plaintiffs are represented by the same counsel as Ms. Wang and Ms. Wang referenced the experiences of two of the plaintiffs in her initial complaint. (See id.; Compl. ¶¶ 27, 29.)

## DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a). Thus, "[d]eciding a § 1404(a) motion to transfer venue 'requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate.'" AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011) (quoting Fuji Photo Film Co., Ltd. v. Lexar Media Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)).

I.  Propriety of the Transferee Forum

An action "might have been brought" in another forum if venue would have been proper there and the defendants would have been amenable to personal jurisdiction in the transferee forum when the action was initiated. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960). Jurisdiction and venue in the District of Columbia would be proper as to Phoenix because it maintains a bureau in Washington D.C., and Mr. Liu, whose actions form the basis of Phoenix's potential liability, was employed at the Washington D.C. bureau at all relevant times.

II. Factors Governing Transfer

The second inquiry is whether "the convenience of parties and witnesses" and "the interest of justice" justify a transfer. 28 U.S.C. § 1404(a). "Among the factors to be considered in determining whether to grant a motion to transfer venue are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citation and quotation marks omitted). Other factors considered by district courts include "the forum's familiarity with the governing law" and "trial efficiency and the interests of justice." Everlast World's Boxing Headquarters

Corp. v. Ringside, Inc., 928 F. Supp. 2d 735, 743 (S.D.N.Y 2013). The burden of demonstrating the desirability of transfer lies with the moving party, who must "make a clear and convincing showing that the balance of convenience favors [its] choice" of forum. Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995); see New York Marine & Gen. Ins. Co., 599 F.3d at 114 (noting that it is "appropriate that the district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion.").

a. Plaintiff's Choice of Forum

A plaintiff's choice of forum is usually accorded "great weight." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). However, when a motion to transfer is brought by the plaintiff, "the usual presumptions as to plaintiff's choice of forum are not appropriate . . . ." Anglo Am. Ins. Grp., P.L.C. v. CalFed, Inc., 916 F. Supp. 1324, 1328 (S.D.N.Y. 1996).

"[A] motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." Stroud Prods. & Enters., Inc. v. Castle Rock Entm't, Inc., No. 07 Civ. 8638(HB), 2009 WL 2391676, at *2 (S.D.N.Y. Aug. 4, 2009) (internal quotation marks and citations omitted). In this District, courts have required a plaintiff moving to transfer under 28 U.S.C. § 1404 to demonstrate a "change in circumstances" after the action was filed that warrants a venue change. Id. However, such a showing is not mandatory as "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." See D.H. Blair & Co., Inc. 462 F.3d 95 at 106; Anglo Am. Ins. Grp., P.L.C., 916 F. Supp. at 1329; see also Nipponkoa Ins. Co. v. Ceva Logistics, U.S., Inc., No. 11 Civ. 9040(SAS), 2012 WL

2550278, at *1 (S.D.N.Y. July 2, 2012) (noting that a plaintiff's transfer motion may be granted if it is "in the interests of justice").

Ms. Wang points to the filing of Ren, No. 13-1110 (CCK) (D.D.C July 19, 2013), after this action commenced, as a change in circumstances favoring a change in venue. When a plaintiff has an interest relating to a later-filed case, transfer may be appropriate. See Fairfax Dental (Ir.) Ltd. v. S.J. Filhol Ltd., 645 F. Supp. 89, 90, 92 (E.D.N.Y. 1986) (finding that common defenses of patent invalidity in separate actions brought by the same plaintiff weighed in favor of transfer).

The District of Columbia action asserts claims under Title VII and the D.C. Human Rights Act. Ms. Wang's action is brought under the NYSHRL and NYCHRL. The two actions do not raise common issues of law, but may contain common questions of fact. As Ms. Wang is not a party to the Ren action, and not in privity with any parties, any findings of fact in that action would not be binding on her.

Because Ms. Wang's interests would not be harmed by any outcome in the Ren action, and Ms. Wang initially filed suit in this District, this factor weighs against transfer.

    b. Trial Efficiency and the Interests of Justice

When multiple claims are brought in different forums, there is a strong policy in this Circuit favoring the litigation of related claims in the same tribunal in order to avoid duplicitous litigation and inconsistent results. Wyndham Assocs. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968); K.M v. Maclaren USA, Inc., No. 10 Civ. 7942(LTS)(RLE), 2011 WL 1900137, at *4 (S.D.N.Y. Apr. 7, 2011). Complete identity of all parties is not a necessity, as long as the suits involve common issues of law or fact. See Hilti Aktiengesellschaft v. Milwaukee Elec. Tool Corp., No. 04CV629 (ARR)(ASC), 2004 WL 1812821, at *8 (E.D.N.Y. July 19, 2004); Fairfax Dental (Ir.) Ltd., 645 F. Supp. at 92. In general, the first-filed suit will have priority over

the second, unless there are "special circumstances," or "the balance of convenience favors the second-filed action." N.Y. Marine & Gen. Ins. Co., 599 F.3d at 112 (internal quotation marks and citation omitted). "The 'balance of convenience' is determined by considering the same factors considered with motions to transfer venue." Id. (internal quotation marks and citation omitted).

Here, there are some common questions of fact in the two actions, including Mr. Liu's status as Phoenix's employee and the scope of his authority. Because Ms. Wang is not a party to the Ren action, there is a possibility of inconsistent results between the two actions on these issues. But the factual underpinnings are otherwise predominantly focused upon the interactions between Mr. Liu and the individual plaintiffs. As such, trial efficiency somewhat favors transfer.

Though Ms. Wang characterizes the filing of the Ren action as a "change in circumstances," she has long been on notice of the possible filing of the Ren action. In her complaint, two of the plaintiffs in that action are mentioned by name as other alleged victims of Mr. Liu and are represented by the same counsel. (See Compl. ¶¶ 27, 29.) Furthermore, Ms. Wang's counsel filed the initial complaint in that action on July 19 and sought leave to file the instant motion to transfer on October 16, almost three full months later. Even if there was a change in circumstances warranting transfer on July 19, it does not necessarily follow that transfer would still be warranted now.

Between July 19 and October 3, Phoenix's motion to dismiss was pending before the Court. Because Ms. Wang waited for the Court to decide the motion, portions of which were decided adversely to her, before requesting this venue transfer, the Court views the instant motion as a belated attempt at securing a judge perceived to be more favorable to her claims—in

essence, judge shopping. Also, this Court has already acquired some familiarity with the action through the process of amending the pleadings and ruling on the motion to dismiss. On this basis, the Court concludes that the interests of justice would not be served by transferring this action to the District of Columbia.

Thus, this factor weighs against transfer.

### c. Convenience of Witnesses and Availability of Process to Compel Unwilling Witnesses

"The convenience of parties and witnesses is considered the essential criteria under the venue statute and the most significant factor." In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998) (internal quotation marks and citation omitted). "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) (abrogated on other grounds by Pirone v. Macmillon, Inc., 894 F.2d 579 (2d Cir. 1990)).

Including Phoenix's former bureau chief, Mr. Liu, Ms. Wang has identified six potential non-party witnesses for whom the District of Columbia would be more convenient. Of the six witnesses, three are current Phoenix employees and thus under its control. As a practical matter, the employee-witnesses would be available in any venue in which Phoenix could be properly sued. See Glass v. S & M NuTec, LLC, 456 F. Supp. 2d 498, 503–04 (S.D.N.Y. 2006). Of the remaining three witnesses, only Mr. Liu would testify to the events giving rise to Ms. Wang's claims. (See Wang Decl. ¶ 12.) The other witnesses would testify as to Mr. Liu's behavior towards them, and not toward Ms. Wang herself. (Id. ¶¶ 16, 19.)

As Mr. Liu's alleged actions form the basis for Phoenix's potential liability, he is arguably a "key witness." Mr. Liu is not a current Phoenix employee and resides in the

Commonwealth of Virginia. (Compl. ¶¶ 8, 30.) As such, he may be outside this Court's subpoena power, should his presence be required in this District.[1] (See Wang Decl. ¶ 5.) However, Mr. Liu was not a Phoenix employee when this action commenced, nor when he was removed as a defendant when Ms. Wang first amended her complaint. (See Compl. ¶ 30.)

Given that Mr. Liu's status as a non-party witness was known before the complaint was amended, and the other non-party witnesses would testify to ancillary matters, this factor weighs slightly in favor of transfer.

### d. The Location of Relevant Documents and Relative Ease of Access to Sources of Proof

Neither party has identified any relevant documents and their locations. Accordingly, this factor is neutral.

### e. Convenience and Relative Means of the Parties

The Southern District of New York and the District of Columbia are equally convenient for the parties. Phoenix has offices both in this District and the District of Columbia and Ms. Wang resides abroad. Neither party has indicated that continuing the action in either this Court, or the District of Columbia, would create financial hardship. Accordingly, this factor is neutral.

### f. Locus of Operative Facts

The locus of operative events in this case is neither wholly in New York, nor wholly in the District of Columbia. Mr. Liu allegedly made inappropriate remarks to Ms. Wang in a New York hotel room. (Second Amended Complaint ¶ 24.) Mr. Liu's subsequent communication to Ms. Wang that no job would be available occurred in Washington, D.C.

---

[1] Mr. Liu may be compelled to appear for a deposition where he resides, is employed, or regularly conducts business, or within 100 miles thereof. See Rule 45, Fed. R. Civ. P.

(Id. ¶ 29.)  Ms. Wang's alleged injury, namely her denial of a job at Phoenix's New York bureau, took place in New York.  (See id. ¶¶ 20, 55.)

Because a portion of Mr. Liu's allegedly wrongful conduct, as well as Ms. Wang's injury, occurred in New York, this factor weighs against transfer.

### g. The Forum's Familiarity with the Governing Law

The parties do not dispute that the action is governed by New York law.  The District Court for the District of Columbia is capable of applying New York law and it does not appear that the issues of law presented in this case are particularly complex or novel.  That said, it is also the case that this Court is frequently called upon to apply New York law and is familiar with it.  For that reason, the fact that Ms. Wang's claims are governed by New York law weighs against transfer, although only slightly.  See, e.g., Everlast World's Boxing Headquarters Corp., 928 F. Supp. 2d at 747 (noting forum's familiarity with New York law favors keeping the case in this District, but that the fact "merits little weight").

### CONCLUSION

For the foregoing reasons, Ms. Wang's motion to transfer (Docket # 32) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 13, 2014